UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DERWIN MICHAEL MEJIA PIMIENTEL, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| DAVID WESLING, Field Office Director; | * | Civil Action No. 1:26-cv-10321-IT |
| TODD M. LYONS, Acting Director, U.S. | * | |
| Immigration and Customs Enforcement; and | * | |
| KRISTI L. NOEM, U.S. Secretary of | * | |
| Homeland Security, | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER

February 6, 2026

TALWANI, D.J.

Petitioner Derwin Michael Mejia Pimientel, a native and citizen of the Dominican

Republic, entered the United States without inspection "in approximately January 2023." Pet. ¶

29 [Doc. No. 1]. He was "subsequently detained by [the U.S. Department of Homeland

Security]" and released from custody in March 2023. Id. ¶¶ 3, 29.

On or about January 4, 2026, Petitioner was approached by a police officer, who "noticed

[Petitioner's] ankle monitor[1] and turned him over to [U.S. Immigration and Customs

Enforcement ("ICE")]." Id. ¶ 5. Petitioner was ultimately detained by ICE and transported to the

Plymouth County Correctional Facility in Plymouth, Massachusetts, where he is presently held.

Id. ¶¶ 5, 29. Petitioner reports that ICE has not provided any explanation as to why his custody

---

[1] Neither Petitioner nor Respondents explain why Petitioner was subject to monitoring, including
whether such monitoring was imposed as a condition of his March 2023 release from
immigration detention.

status changed or why he is detained and have not provided him with a custody redetermination hearing (a "bond hearing"). Id. ¶¶ 6–7, 36.

On January 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks immediate release or, in the alternative, "a bail hearing by this Court or that the Court order the Immigration Court to order a bond hearing." Id. ¶ 14. As grounds therefor, Petitioner asserts that (1) he is subject to detention only under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225; and (2) in failing to provide Petitioner with a bond hearing, Respondents have violated his procedural and substantive due process rights under the Fifth Amendment to the U.S. Constitution. Id. ¶¶ 33–54.

Although they oppose Petitioner's "outright release" should the court grant the Petition [Doc. No. 1], Respondents

> submit that the legal issues presented in this Petitioner are similar to those recently addressed by this Court in Doe v. Moniz, No. 25-cv-12094-IT, . . . 2025 WL 2576819 (D. Mass. Sep. [sic] 5, 2025); Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Opp'n 1 [Doc. No. 7]. Respondents therefore acknowledge that, "[s]hould the Court follow its reasoning in Doe, Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id.

Where the court finds the reasoning in Doe remains correct, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than February 13, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this

court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

       Respondents shall submit a status report on this matter no later than February 18, 2026.

       IT IS SO ORDERED.

February 6, 2026                            /s/ Indira Talwani
                                        United States District Judge